UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SALLY ANN SNAY,                )
                               )
         Plaintiff,            )
                               )
v.                             )    No. 3:16-CV-065
                               )
NANCY A. BERRYHILL,            )
Acting Commissioner of Social Security, )
                               )
         Defendant.            )

# MEMORANDUM OPINION

This Social Security appeal is before the Court for consideration of the plaintiff's objections [Doc. 21] to the Report and Recommendation ("R&R) filed by United States Magistrate Judge C. Clifford Shirley, Jr. [Doc. 20]. The Commissioner has responded to plaintiff's objections [Doc. 22]. Magistrate Judge Shirley found that substantial evidence supported the findings of the Administrative Law Judge ("ALJ") denying plaintiff's application for disability insurance benefits under the Social Security Act (the "Act"). Thus, Magistrate Judge Shirley recommended that the plaintiff's motion for judgment on the pleadings [Doc. 15] be denied and the Commissioner's motion for summary judgment [Doc. 17] be granted.

## I. Background

On March 27, 2012, plaintiff applied for disability insurance benefits with an alleged onset date of January 1, 2006 [R. at 109], but later amended her alleged onset date

to December 31, 2011, the same date as her date last insured [R. 29]. Plaintiff claimed she was disabled due to degenerative disc disease of the cervical spine, cervicalgia/headaches, obesity, and possible arthritis of hands [R. at 15]. Plaintiff's claims were denied initially and on reconsideration [R. at 55—56]. Following a hearing, ALJ Carey Jobe issued an April 25, 2014 decision that plaintiff was not disabled as defined in the Act [R. at 13—20]. The Appeals Council denied the plaintiff's request for review [R. at 5—7], and plaintiff sought judicial review of the Commissioner's decision in this Court.

## II.     Standard of Review

The Court's review of Magistrate Judge Shirley's Report and Recommendation is *de novo.* 28 U.S.C. § 636(b). This review, however, is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." *Landsaw v. Sec'y of Health & Human Servs.,* 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, the reviewing court will uphold the ALJ's decision if it is supported by substantial evidence. *Garner v. Heckler,* 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla of evidence, but less than a

preponderance." *Bell v. Comm'r of Soc. Sec.,* 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consol. Edison,* 305 U.S. at 229).

"Where substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Crum v. Sullivan,* 921 F.2d 642, 644 (6th Cir. 1990) (citing *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir.1986) (en banc)). This standard of review is consistent with the well-settled rule that the reviewing court in a disability hearing appeal is not to weigh the evidence or make credibility determinations, because these factual determinations are left to the ALJ and to the Commissioner. *Hogg v. Sullivan,* 987 F.2d 328, 331 (6th Cir. 1993); *Besaw v. Sec'y of Health & Human Servs.,* 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court would have come to different factual conclusions as to the plaintiff's claim on the merits than those of the ALJ, the Commissioner's findings must be affirmed if they are supported by substantial evidence. *Hogg,* 987 F.2d at 331.

### III. Plaintiff claims that the R&R's discussion of the relevant time period is "misleading."

Plaintiff argues "the R&R's discussion of the relevant time period for the disability determination is misleading" because the R&R recites the Commissioner's argument that the relevant period is only one day [Doc. 21 at p. 2]. It is undisputed that the date last insured ("DLI") and the alleged onset date are the same, December 31, 2011, as stated in the ALJ decision [R. at 15]. Plaintiff contends that, as long as the DLI does not precede the onset date, the DLI should not affect the ALJ's analysis of the claimant's disability

3

[Doc. 21 at p. 2]. Plaintiff argues that the general issue is whether a medically determinable impairment prevented her from working for a period of not less than 12 months and the relevant period includes all of 2012 [*Id.*].

In response, the government correctly notes that, before considering whether the 12-month durational requirement has been met, the plaintiff must first show that she was disabled on or before her date last insured [Doc. 22 at pp. 1—2]. Social Security Ruling ("SSR") 83-20, relied on by plaintiff, states that "[a] Title II worker cannot be found disabled under the Act unless insured status is also met at a time when the evidence establishes the presence of a disabling condition(s)." SSR 83-20, 1983 WL 31249, at *1 (1983). In other words, the plaintiff must be able to show that she was disabled on December 31, 2011, even if her condition continued beyond that date. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990) ("In order to establish entitlement to disability insurance benefits, an individual must establish that he became 'disabled' prior to the expiration of his insured status"); *Redding v. Shalala*, No. 94-3471, 1995 WL 299027, at *3 (6th Cir. May 16, 1995) ("To establish entitlement to benefits, a claimant must show that he not only had an impairment prior to the expiration of his insured status but that he actually became disabled prior to that time.").

The Court does not find the R&R to be misleading on this point and notes that both the R&R and the ALJ reviewed plaintiff's medical records prior to and subsequent to December 31, 2011. The ALJ and the R&R both correctly concluded that plaintiff failed to establish that she was disabled on December 31, 2011 and this conclusion is supported by substantial evidence in the record. Thus, even though plaintiff continued to have

4

migraines after December 31, 2011, she has failed to carry her burden of proving her disability from the relevant time period. *See Strong v. Soc. Sec. Admin.*, 88 F. App'x 841, 845 (6th Cir. 2004) ("Evidence of disability obtained after the expiration of insured status is generally of little probative value"). To the extent that plaintiff's "clarification" is an objection to the R&R, it is **OVERRULED**.

### IV. Plaintiff objects that the ALJ did not include the limitations caused by the treatment for migraines in the RFC.

Although plaintiff's application and the ALJ decision note that plaintiff suffers from several severe impairments, her appeal and her objections solely focus on her migraine headaches. The record reflects that plaintiff complained of migraine headaches as early as 2002 [R. at 257] and continued past December 31, 2011 [R. at 302, 306, 309]. Plaintiff reported on at least two occasions to treating her headaches with Excedrin Migraine, Aleve, cold compresses, and rest [R. at 309, 391]. Plaintiff contends that this treatment would require "stopping work" and such unscheduled breaks would interfere with her ability to remain employed [Doc. 21 at pp. 4—5]. Plaintiff argues that the RFC ("Residual Functional Capacity") should reflect that limitation, but it does not. Thus, plaintiff argues that the ALJ did not comply with SSR 96-8, which states that "[t]he RFC must be based on *all* of the relevant evidence in the case record, such as … "[t]he effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication)" [Doc. 21 at pp. 4—5 (citing SSR 96-8, 1996 WL 374184, at *5 (July 2, 1996)) (emphasis in original)].

5

While SSR 98-6 requires that the RFC include the effects of treatment, such effects must be supported by evidence in the record. As the R&R notes [Doc. 20 at p. 10], there is simply insufficient evidence – medical records, work records, plaintiff's own testimony, or other evidence – to support plaintiff's argument that the treatment for migraines impacted her ability to work. To conclude otherwise would be to engage in speculation. Substantial evidence supports the ALJ's conclusion that plaintiff's "migraine headaches were not intractable and treatable with over-the-counter medication" [R. at 18].[1] Accordingly, this objection is **OVERRULED**.

V. **Plaintiff objects to the R&R as a *de novo* review of the record based on its own credibility findings to uphold the ALJ decision.**

Plaintiff's "primary objection" is that the R&R attempts to uphold the ALJ decision based on its own review of the record instead of addressing the legal issue she raised [Doc. 21 at pp. 2—4]. Plaintiff contends that the facts relied upon by the R&R are not those articulated by the ALJ and constitute a prohibited, independent analysis [*Id*.]. Specifically, plaintiff notes that the R&R discusses her "job history, lack of a medical opinion about work limitations caused by her migraines, and her two-year absence of treatment" [*Id*. at pp. 2—3 (citing Doc. 20 at p. 10)]. While these facts are not specifically mentioned by the ALJ, the ALJ notes that he considered the entire record [R. at 16] and the facts cited by the R&R are supported by the record. Moreover, this Court "may look to any evidence in the

---

[1] Plaintiff's physician noted her history of migraines, but that the pain was not "intractable" [R. at 302, 306, 309, 391].

6

record, regardless of whether it has been cited by" the agency. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001); *Walker v. Sec. of Health & Hum. Servs.*, 884 F.2d 241, 245 (6th Cir. 1989).

The Court further notes that the R&R's discussion of plaintiff's "job history, lack of a medical opinion about work limitations caused by her migraines, and her two-year absence of treatment" are presented in response to plaintiff's argument on the RFC, discussed above. Thus, it is not surprising that these facts are addressed in response to the plaintiff's specific argument raised in this Court. This objection is **OVERRULED**.

## VI. Conclusion

After a careful review of the record and the parties' pleadings, the Court is in complete agreement with the Magistrate Judge's recommendation that plaintiff's motion for judgment on the pleadings be denied and the Commissioner's motion for summary judgment be granted. Accordingly, the Court **ACCEPTS IN WHOLE** the Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Thus, for the reasons stated in the Report and Recommendation, which the Court adopts and incorporates into its ruling, the plaintiff's motion for judgment on the pleadings [Doc. 15] will be **DENIED**; the defendant Commissioner's motion for summary judgment [Doc. 17] will be **GRANTED**; the defendant Commissioner's decision in this case denying plaintiff's application for benefits under the Social Security Act will be **AFFIRMED** and this case will be **DISMISSED**.

An appropriate order will be entered.


                                                         s/ Thomas W. Phillips
                                      SENIOR UNITED STATES DISTRICT JUDGE

8

Case 3:16-cv-00065-TWP-CCS   Document 23   Filed 03/27/17   Page 8 of 8   PageID #: 562